Mr. Justice Thacker
delivered the opinion of the court.
Hugh H. Fultz was summoned as a garnishee in an attachment, at the suit of Joseph Marlow, Jr., against Brander, McKenna & Wright. The writ of garnishment was executed on the 15th day of March, 1842. On the 28th day of April, 1845, Fultz answered, that the defendants in attachment had a claim allowed them by the commissioners of insolvency of the estate of Scurlock, deceased, of which estate he was administrator, and that said claim amounted to the sum of $2,868.57, upon which he estimated there would be a dividend of six cents on the dollar, and that the defendants were bankrupts, but the time when they became so, he was unable to state. On the 10th day of June, 1846, Fultz filed an amended answer, in which he stated, that the defendants in attachment filed their petition in bankruptcy, under the law of the United States, on the 10th day of March, 1842. To this answer was added, as an exhibit, *351 a copy of -a certificate, which certifies, that the defendants were declared bankrupts on the 6th day of April, 1842.
In the first place, a lien having attached in favor of the attaching creditor from the time of the service of the process of garnishment, it could not be defeated by the declaration of bankruptcy made on the 6th day of April, 1842. The third proviso of the second section of the act of congress, to establish a uniform system of bankruptcy throughout the United States, approved August the 19th, 1841, protects all liens, mortgages, or other securities on property, real or personal, which may be valid by the laws of the states respectively.
In the next place, the mere declaration of bankruptcy is but an incipient step in the proceeding for a final decree, and the answer is incomplete in that particular. Atkinson v. Fortinberry, 7 S. & M. 302.
The decree of the circuit court discharged the garnishee upon his answer. This was erroneous, but the answer is not so definite as to enable a judgment to be rendered in this court. The cause must, therefore, be remanded.
Judgment reversed and cause remanded.